HOOPER, Chief Justice
(concurring specially).
I concur in the affirmance of the l&k-month suspension imposed on Joe W. Morgan, Jr. However, I think Morgan’s actions and inactions justify requiring a lengthier rehabilitation before he resumes the practice of law.
In nine separate cases, complaints were filed against Morgan with the Alabama State Bar. Morgan exhibited an attitude of indifference and disrespect to his clients and to his profession in his handling of those complaints.
The cases reveal a pattern of failing to respond to clients’ repeated letters and telephone calls and to numerous inquiries from the Bar. In three cases, Morgan filed lawsuits on behalf of clients, and filed motions or attended depositions, but then took no further action. Because Morgan failed to attend a pretrial hearing, one case was dismissed. Morgan moved to set aside the dismissal, but failed to attend the hearing on his own motion, causing the case to be dismissed with prejudice. In three cases, Morgan told a Bar investigator he would send a letter explaining his actions, but he failed to do so. In another case, Morgan was hired to file an appeal but failed to do so. After the appeal period had elapsed, Morgan assured the client he was getting a new trial. Morgan failed to file a brief for a case pending before the Court of Civil Appeals, even after that court notified him he was late and offered him additional days to file. In another *104 case, an attorney representing a former client of Morgan’s on appeal requested the trial transcript from Morgan. Morgan admitted he made no serious effort to find the transcript until over a year after it was first requested of him. In another case, the trial court ordered Morgan to draft a divorce judgment, but because of considerable delay by Morgan, the opposing attorney had to draft it.
Morgan cites poor health as his defense, but admits he has no ^excuse for not contacting the Bar or asking for help. He continued to practice and to accept clients when he was physically unable, according to his defense of illness. Morgan testified that his health problems began in mid-1997, but most of the complaints against him occurred before that time. Morgan offers no explanation for ignoring his clients and the Bar, and he admits he failed in his duties. He testified he was sorry for his behavior, but this remorse is suspect because he repeatedly failed his clients and because he faced potentially severe discipline. He admits he had time to do his work and to respond to the Bar’s inquiries. Morgan has a history of complaints and had been reprimanded by the Disciplinary Board five times privately and once publicly before these complaints were filed.
Morgan violated Rules 1.3 and 1.4 of the Alabama Rules of Professional Conduct. Rule 1.3, entitled “Diligence,” states: “A lawyer shall not willfully neglect a legal matter entrusted to him.” The complaints clearly establish Morgan’s willful neglect of his clients’ legal matters. The comments to this rule state: “A lawyer should act with commitment and dedication to the interests of the client....” Morgan’s avoidance of his clients, despite their repeated attempts to contact him, and his refusal to work on his clients’ cases exhibit a lack of commitment and dedication. Morgan’s argument that his clients were not seriously affected by his performance is discounted by a comment to Rule 1.3 stating that even if clients are not seriously affected “unreasonable delay can cause a client needless anxiety and undermine confidence in the lawyer’s trustworthiness.” There was testimony indicating that Morgan’s considerable delays in responding to his clients and in failing to make progress on their cases caused his clients unnecessary worry and frustration. Morgan’s actions further deviate from the comments to Rule 1.3 because he failed, in all nine cases, to “carry through to conclusion all matters undertaken for a client .”
Morgan violated Rule 1.4, “Communication,” by failing to keep clients “reasonably informed about the status of a matter and [to] promptly comply with reasonable requests for information.” Morgan’s ignoring or his client’s attempts at contact and his indifference toward communicating with them were not exhibited only by isolated incidents; they continued for a considerable amount of time.
The appropriate penalty for Morgan can be found in the Alabama Standards for Imposing Lawyer Discipline. Standard 4.4, “Lack of Diligence,” provides the appropriate discipline for “failure to act with reasonable diligence and promptness in representing a client.”
The Disciplinary Board correctly ordered suspension. According to Standard 4.42, suspension is “appropriate” when “a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client” or when “a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.” The evidence establishes that Morgan has knowingly failed to perform services, engaged in a pattern of neglect, and caused injury to his clients.
The Bar would have been justified in recommending disbarment. The standard for disbarment, Standard 4.41, requires a “serious injury or potentially serious injury.” This element of “serious injury” is the only distinction made by the Rules between the disbarment standard and the suspension standard. Examples of serious *105 injuries Morgan caused to befall his clients were dismissal of a client’s case with prejudice and loss of the opportunity to have arguments heard on appeal (for failure to timely file an appeal).
In addition, a 16/é-month suspension is far too lenient, because of the aggravating circumstances surrounding Morgan’s conduct. Standard 9.2 lists “aggravating circumstances” that “may justify an increase in the degree of discipline to be imposed.” This case includes five of those factors: prior disciplinary offenses, a pattern of misconduct, multiple offenses, intentionally failing to comply with rules or orders of the disciplinary agency, and substantial experience in the practice of law.
Standard 9.3 lists “mitigating circumstances” that justify a lesser punishment, such as physical disability and remorse. Morgan’s case involves physical disability or impairment, which, however, came about after most of his infractions had already occurred, and it involves remorse, which conveniently appeared when Morgan faced discipline. While there are only two possible mitigating factors, there are five factors aggravating Morgan’s conduct.[1] His suspension for less than a year and a half is far too lenient a punishment.
Because Morgan’s actions included several aggravating circumstances and few mitigating circumstances, they fit the standards for a lengthy suspension and, arguably, disbarment. The punishment Morgan received from the Bar Disciplinary Board was too lenient. I consider Morgan’s conduct to merit at least a three-year suspension.

. The evidence indicates a possible dishonest or selfish motive as an element of Morgan’s conduct. If this factor were included, Morgan’s case would contain six aggravating factors.